IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEVON M. JENKINS,

Defendant.                              No. 12-CR-30239-DRH-3

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

This matter comes before the Court on defendant Jevon Jenkin's motion for copy (Doc. 343) and motions to have judgment enforced and/or have restitution payments deferred until thirty days after release (Doc. 344). For the reasons stated below, the motion for copy is granted in part and denied in part, and the motion to have judgment enforced and/or have restitution payments deferred is denied.

### Motion for Copy (Doc. 343)

Defendant, who is currently incarcerated at FCI Forrest City Medium, alleges that defense counsel is in possession of discovery "statements and interviews that were never entered into the record", and that counsel will not provide him copies of his complete file. Defendant requests that the Court order

his appointed counsel to turn over his complete case file to assist with his preparation of a § 2255 petition.[1]

Legal authority requires a lawyer to deliver a client's file to the client upon the termination of representation. Restatement (Third) of the Law Governing Lawyers § 46(3) (2000) (requiring that "a lawyer must deliver to [his] client or former client, at an appropriate time and in any event promptly after the representation ends, such originals and copies of other documents possessed by the lawyer relating to the representation of the client or former client reasonably needs"). However, "a lawyer may decline to deliver to a client or former client an original or copy of any document under circumstances permitted by § 43(1)." *Id*. at § 46(4). Section 43(1) allows an attorney to decline to deliver "an original or copy of any document prepared by the lawyer, or at the lawyer's expense, if the client or former client has not paid all fees." Furthermore, a defendant is not permitted to have personal copies of all the government's discovery, such as witness files, because of the risk associated with providing copies of such sensitive information to criminal defendants. *United States v. Laurel-Jiminez*, 129 F.3d 120 (7th Cir. 1997).

In this case, the issue of outstanding fees is moot, given that counsel was a CJA Appointment. However, the issue regarding sensitive government discovery is very much in play. Therefore, the Court **GRANTS in part and DENIES in part** defendant's motion for copy (Doc. 343), and **DIRECTS** Attorney Brian K.

---

[1] The Court notes that the amended judgment in this case was entered on February 20, 2015, and became final 14 days later, as no appeal was filed (Doc.302). Thus, defendants' judgment of conviction has been final for well over three years.

Trentman to turn over defendant's case file, with the exception of any documents containing sensitive information that may pose a risk due to defendant's incarceration.

**<u>Motion to have Judgment Enforced or Restitution Deferred (Doc. 344)</u>**

Defendant also seeks to have his restitution payments deferred until thirty days after his release, arguing that the restitution payments are causing him "undue hardship" that is "interfering with his rehabilitation efforts." (Doc. 344). He further argues that the BOP is improperly interpreting the judgment in his case as to his requirements regarding restitution payments.

After pleading guilty to one count of kidnapping, Judge Murphy sentenced defendant to 168 months' imprisonment. (Doc. 138) He appealed his conviction, raising only one argument on appeal: that the district court erred when it relied on his conviction under 720 ILCS 5/24-1.6(a)(1) to assign him three additional criminal history points and a resulting criminal history category of III. The Seventh Circuit ultimately vacated defendant's sentence finding that he should have been assessed only one criminal history point, and the matter was remanded for resentencing (Doc. 286-1). On February 19, 2015, defendant was resentenced to 135 months' imprisonment, five years' supervised release and restitution in the amount of $38,053.50. (Doc. 302)

Although defendant appealed his original sentence in this case, he failed to challenge the restitution order on direct appeal. He also failed to appeal his amended judgment. Therefore, the district court generally lacks jurisdiction to

revisit the matter years later. *See Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997). In any event, the Court notes that defendant is mistaken regarding his restitution obligations. The judgment against him clearly indicates that restitution payments were to begin immediately, with monthly payments of $50.00 to commence thirty days after his release from prison, if he still owed any financial penalty, which would become a condition of his supervision. (Doc. 302). Accordingly, defendant's motion is **DENIED for lack of jurisdiction** (Doc. 344).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.16
13:18:36 -05'00'

United States District Judge