IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEVON JENKINS,<br><br>    Defendant. | Case No. 3:12-CR-30239-NJR-3 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Jevon Jenkins (Doc. 413). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

Jenkins was arrested and entered a guilty plea in 2012 on charges related to a violent kidnapping which he carried out together with six other defendants (Doc. 97). Jenkins admitted to participating in the kidnapping, physically assaulting the victim, and threatening to cut off the victim's hands with an electric saw (Doc. 98). Jenkins was ultimately sentenced to 168 months (14 years) of imprisonment, five years of supervised release, a $100.00 special assessment fee, and restitution in the amount of $34,743.25 (Docs. 138, 163). He has served slightly less than eight years of his sentence (Doc. 418 at 4).

On June 9, 2020, Jenkins filed a motion in this Court seeking compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the Covid-19 pandemic and his asthma and heart murmur conditions as extraordinary and compelling reasons justifying release (Doc. 413). Jenkins subsequently asked the Court to appoint an attorney to assist him with his motion (Doc. 423), and a panel attorney entered an appearance (Doc. 429. Jenkins's attorney subsequently indicated that he would not supplement Jenkins's *pro se* filing (Doc. 432).

## ANALYSIS

I. **Motion for Compassionate Release**

  A. *Applicable Law*

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Certain courts have stated that in making such a motion, a defendant should bear the burden of showing eligibility for a reduction in sentence. *E.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission

has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

Courts have in certain instances taken it upon themselves, however, to identify non-enumerated grounds constituting extraordinary and compelling reasons for compassionate release, even where the Bureau of Prisons has not done so. *See, e.g.*, *United States v. Halliburton*, 2020 U.S. Dist. LEXIS 102241 at 10 (finding extraordinary reasons where the defendant had underlying health problems in conjunction with the Covid-19 pandemic) (C.D. Ill.); *United States v. Coles*, 2020 U.S. Dist. LEXIS 72327 (C.D. Ill.); *United States v. Lewellen*, 2020 U.S. Dist. LEXIS 90195 at *8 (N.D. Ill.) (Noting court has joined "vast majority" of district courts in looking past "guideposts" of §1B1.13 criteria to construe what constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i)) (quoting *United States v. Cardena*, No. 09-CR-0332 (-11), slip op. at 6 (N.D. Ill. May 15, 2020) (ECF No. 1890)).

If an inmate can show that one of the eligibility criteria is applicable, the Court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, the Court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

*B. Discussion*

The Court starts by noting that Jenkins does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. Namely, he is not suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family.

In the unusual circumstances of the Covid-19 pandemic, courts have been willing in certain instances to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions make defendants particularly susceptible to Covid-19. Here, while Jenkins does appear to have certain health problems, it is not clear that his medical conditions severely increase his vulnerability to Covid-19 to the point that compassionate release might be warranted. Jenkins suffered from asthma as a child but indicated at the time of his PSR that he had not suffered an attack in five or six years and had not used an inhaler since 2012 (Doc. 131 at 2-11). In prison, he appears to have been prescribed Albuterol for his asthma, but there is no indication that he suffers any severe respiratory conditions that would exacerbate his susceptibility to Covid-19 (Doc. 419-1 at 40). Jenkins further indicates that he has a heart murmur, and this is corroborated by his medical records (Doc. 419-1 at 29). But this condition appears to have been temporary, with an echocardiogram subsequently indicating no irregularities, and there is no indication that this condition makes Jenkins more susceptible to Covid-19 (*Id.* at 32, 72).

On the other hand, the extreme violent nature of the acts for which Jenkins is

currently incarcerated leads the Court to believe that he continues to present a threat to public safety if released. Accordingly, the Court cannot justify compassionate release in this case.

## CONCLUSION

For these reasons, the Motion for Compassionate Relief (Doc. 164) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   September 2, 2020**

                                                                                                 _____
                                                                                                 **NANCY J. ROSENSTENGEL**
                                                                                                 **Chief U.S. District Judge**