# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 12-cr-30239-001-SMY** |
| | ) | |
| ANTWON D. JENKINS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM & ORDER

**YANDLE, Chief District Judge:**

Now before the Court is Defendant Antwon D. Jenkins' Motion for Return of Funds (Doc. 458), in which he seeks an order directing the Government to return a $1,839 tax refund received in 2022 that was used to offset his outstanding restitution balance.  Also before the Court is Defendant's Motion to Supplement the Motion for Return of Funds (Doc. 461).  For the following reasons the Motion for Return of Property is **DENIED** and the Motion to Supplement is **DENIED** as **MOOT**.

## Background

On March 13, 2014, Defendant was found guilty on one count of kidnapping under 18 U.S.C. § 1201(a)(1)-(2) and one count of using or carrying a firearm to commit a crime of violence under § 924(c)(1)(ii).  He was sentenced to 308 months' imprisonment followed by 5 years of supervised release and ordered to pay $38,053 in restitution and a special assessment of $200 (Doc. 261). A series of appeals and remands in this and similar cases followed, culminating in the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), holding that §

1

924(c)(1)(ii) was unconstitutionally vague.  The Seventh Circuit Court of Appeals then vacated Defendant's conviction on that count and remanded to this Court for resentencing (Doc. 383).

On remand, this Court resentenced Defendant to 293 months' imprisonment followed by 5 years supervised release and reimposed the same financial penalties (Doc. 406).  The Amended Judgment specified that restitution was due immediately and set a payment schedule of $50 or 10% of Defendant's monthly income, in light of his inability to pay the full amount.  *Id.* at 7.  In 2022, Defendant received a $1,859 refundable tax credit as part of the CARES Act, which was included in his tax return.  The Government collected the credit and applied it towards Defendant's outstanding restitution balance as part of the Treasury Offset Program ("TOP").

Defendant filed the instant Motion for Return of funds, arguing the installment plan ordered by the Court did not allow the Government to seize property in excess of his monthly payment.  Specifically, Defendant argues an installment plan ordered pursuant to 18 U.S.C. § 3663 may only be modified by court order, and that neither § 3664(k) nor § 3664(n) apply to his EIP credit.  Additionally, he argues he was not provided adequate notice of, or chance to dispute, the offset after he was resentenced in 2022.   The Government counters that the total amount of Defendant's restitution was due immediately, the installment plan notwithstanding, and therefore the Government was entitled to withhold Defendant's tax refund, including the EIC payment for offset against his outstanding restitution.

<u>**Discussion**</u>

Defendant's 2022 tax refund was offset by the Treasury Department under the TOP on June 17, 2022.  The TOP is a statutorily authorized program that allows the Government to offset funds payable by the United States to any individual who owes delinquent federal debt.  *Cox v. United States DOJ*, 2024 U.S. App. LEXIS 27813, at *6 (7th Cir. Oct. 31, 2024); 31 U.S.C. §§

3711, 3716.  A federal agency may only offset payments through the TOP after providing the debtor written notice and opportunity to, *inter alia*, request a review of the decision to offset. § 3716(a).

Although framed as a motion for return of property, Defendant's motion is essentially a challenge to an agency action – the Treasury Department's offset of his 2022 tax refund. Defendant does not seek the return of any property seized in relation to the investigation or prosecution of his criminal case.  Nor does he request any other form of relief within the scope of this criminal proceeding, such as modification of his sentence or adjustment of his restitution payment schedule.  He acknowledges the validity of his outstanding restitution balance and that there is no basis for modification of the payment schedule set by the Court in its Amended Judgment.

The decision to certify a debt for collection under the TOP, as well as the failure to comply with any of the procedural requirements set by statute or regulation in doing so, is a "final agency action" under the Administrative Procedure Act, and therefore subject to judicial review through a claim brought pursuant to 5 U.S.C. § 706.  *See, e.g.*, *Williams v. Devos*, 2018 U.S. Dist. LEXIS 182508, at *23 (D. Mass. Oct. 24, 2018) ("The agency decision to certify [Plaintiff]'s debt for offset represents a final agency decision[.]"); *Klamath Cmty. Coll. v. United States VA*, 2022 U.S. Dist. LEXIS 192166, at *18 (D. Or. Sep. 22, 2022) ("The alleged failure of the VA to offer … any kind of process for disputing the Tuition Overpayments is an alleged failure to act [under § 706(1)].").  Thus, a motion filed in this criminal proceeding is not the appropriate vehicle for challenging such agency action.  *See Harrington v. Berryhill*, 906 F.3d 561, 568 (7th Cir. 2018) (finding that "[a] new suit under the Administrative Procedure Act [] is the proper vehicle" for

challenges to administrative offsets that are essentially "challenges to Treasury decision-making") (internal quotation omitted).

Accordingly, Defendant's Motion for Return of Funds (Doc. 458) is **DENIED**. Defendant's Motion to Supplement (Doc. 461) is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

**DATE: July 1, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**